IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SHOOK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 07-153 |
| THE COUNTY OF ALLEGHENY, et al., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

### I. INTRODUCTION

The allegations in Plaintiff's First Amended Complaint arise out of an incident which occurred on the evening of April 9, 2005 outside of The Club Zoo ("the Club"), an under 21 club located on Smallman Street in Pittsburgh, Pennsylvania. *See* Docket No. 3, Plaintiff's First Amended Complaint, hereinafter, "Complaint." Plaintiff Michael Shook ("Plaintiff") alleges that upon exiting the Club, he witnessed defendant Allegheny County Deputy Sheriff Richard Dwyer ("Deputy Dwyer") and employees of the Club violently assault an individual, Justin Robinson, outside of the Club. *Id.* at ¶ 14. Plaintiff alleges that Mr. Robinson was badly injured and required medical assistance. *Id.* at ¶ 15. Plaintiff further alleges that, after an ambulance was called, he approached Deputy Dwyer and asked for his badge number. *Id.* Deputy Dwyer allegedly refused to provide Plaintiff with his badge number and, as Plaintiff turned to leave, violently assaulted Plaintiff and restrained him in handcuffs. *Id.* at ¶ 16. Deputy Dwyer then handed Plaintiff to defendant John Doe, an employee of the Club. *Id.* at ¶ 17. John Doe allegedly proceeded to elbow Plaintiff in the face, throw him to the ground, pour beer on him and

1

injure him in various other ways. *Id.* at ¶¶ 18-19.

Count I of the Complaint alleges a claim pursuant to 42 U.S.C. § 1983 against defendants The County of Allegheny, Allegheny County Sheriff's Office, Allegheny County Chief Deputy Sheriff William P. Mullen, Deputy Dwyer, Allegheny County Chief Deputy Sheriff Peter R. DeFazio and Allegheny County Deputy Sheriff James Klingensmith. Count II alleges a separate claim against defendant Deputy Dwyer for abuse of the criminal process by wrongfully filing charges of disorderly conduct against Plaintiff. Finally, Count III alleges state law claims of *respondeat superior* liability and negligent hiring, training and supervision against defendants Bernard Firman, manager and operator of the Club ("Defendant Firman"), the Club and Universal Concepts, Inc. On July 31, 2007, this Court dismissed all claims without prejudice as to the Club and Universal Concepts, Inc. pursuant to Rule 4(m) for failure to make proper service.

Pending before this Court is Defendant Firman's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, Defendant Firman's Motion to Dismiss is DENIED in part and GRANTED in part.

## II.   STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion, a court is required to accept as true all allegations of the complaint and all reasonable inferences that can be drawn therefrom, and view them in a light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005); *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989); *D.P. Enter. Inc. v. Bucks County Cmty. Coll.*, 725, F.2d 943, 944 (3d Cir. 1984). A Motion to Dismiss pursuant to Rule 12(b)(6) should be granted only "if it appears to a certainty that no relief could be granted under

any set of facts which could be proved." *Evancho*, 423 F.3d at 351 (quoting *D.P. Enter.*, 725 F.2d at 944); *Richardson v. Pa. Dep't of Health*, 561 F.2d 489, 492 (3d Cir. 1977). Under this standard, a complaint will be deemed to have alleged sufficient facts if it adequately puts the defendant on notice of the essential elements of plaintiff's claim. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

Under the liberal notice pleading standard of Federal Rule of Civil Procedure 8(a), a complaint requires only a short and plain statement showing a right to relief rather than a "detailed recitation of proof that in the end establish[es] such a right." *Pryor v. NCAA*, 288 F.3d 548, 564 (3d Cir. 2002). Overall, "courts have an obligation...to view the complaint as a whole and to base rulings not upon the presence of mere words, but rather, upon the presence of a factual situation which is or is not justiciable. We do draw on the allegations of the complaint, but in a realistic, rather than a slavish, manner." *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000) (quoting *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998)). Finally, the defendant bears the burden to demonstrate that the complaint fails to state a claim. *Gould Electronics, Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000).

### III. DISCUSSION AND ANALYSIS

Defendant Firman moves to dismiss Counts III and IV of the Complaint pursuant to Rule 12(b)(6) for failure to state a claim under 42 U.S.C. § 1983. *See* Docket No. 5. In addition, Defendant Firman moves to dismiss Count III pursuant to Rule 12(b)(6) for failure to state a claim for negligent hiring, supervision and training. *Id.* Finally, Defendant Firman requests that the Court to decline to exercise supplemental jurisdiction over the state law claims set forth in Count III. *Id.*

### A. Defendant Firman's Motion to Dismiss Counts III and IV for Failure to State a Claim Pursuant to 42 U.S.C. § 1983.

Defendant Firman moves to dismiss Counts III and IV for failure to state a claim pursuant to 42 U.S.C. § 1983. The Court first notes that the Complaint does not allege a Count IV against any Defendant. Further, Plaintiff does not set forth a claim pursuant to 42 U.S.C. § 1983 against Defendant Firman.[1] Assuming *arguendo* that Plaintiff has alleged a claim against Defendant Firman pursuant to 42 U.S.C. § 1983, the Court finds that such a claim is improper in this case because Plaintiff has failed to allege facts sufficient to support such a claim.[2] Accordingly, to the extent the Complaint can be read to allege a claim against Defendant Firman pursuant to 42 U.S.C. § 1983, Defendant Firman's motion to dismiss is GRANTED.

### B. Defendant Firman's Motion to Dismiss Plaintiff's Negligent Hiring, Training and Supervision Claim.

Defendant Firman also moves to dismiss Count III of the Complaint which alleges a claim for negligent hiring, training and supervision. In order to plead a claim for negligence, a plaintiff must allege that the defendant owed a duty to the plaintiff, that the defendant breached such duty, that the breach caused the injuries alleged and that, in fact, the plaintiff incurred some harm as a result of the alleged breach. *Tomko v. Marks*, 602 A.2d 890, 892 (Pa. Super. 1992).

---

[1] Indeed, Plaintiff concedes in paragraphs 9 and 10 of his Reply to Defendant's Motion to Dismiss (Docket No. 10), that he does not assert a claim against Defendant Firman pursuant to 42 U.S.C. § 1983.

[2] In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that (1) the private party defendant exercised powers traditionally exercised by the state; (2) the private party defendant acted with the help or in concert with state officials; or (3) the state has far insinuated itself into a position of interdependence with the private party such that it must be a joint participant. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995).

An employer may be found to have breached its duty where the employer knew, or should have known, in the exercise of ordinary care, the "necessity for exercising control of his employee." *John G. v. Northeastern Educational Intermediate Unit 19*, 490 F.Supp.2d. 565, 587 (M.D.Pa., 2007) *citing Dempsey v. Walso Bureau, Inc.*, 246 A.2d 418, 422 (Pa. 1968).

Plaintiff's claim for negligent hiring fails, as Plaintiff has made no allegation that Defendant Firman had any knowledge that Defendant John Doe had a history of abusive or aggressive physical behavior at the time of hiring, thus placing Defendant Firman on notice of John Doe's propensity for this type of behavior at that time. *Northeastern*, 490 F.Supp.2d. at 588. Plaintiff does allege, however, that defendant Firman witnessed at least part of the assault on Plaintiff that is the subject of this action. Complaint at ¶39. Accordingly, the Court finds that the complaint sufficiently states a cause of action for negligent training and supervision under Pennsylvania law. *See Tomko*, 602 A.2d at 892. When viewing all of the alleged facts in the light most favorable to the Plaintiff, and drawing all reasonable inferences therefrom, dismissal of this Count is DENIED to the extent that it states causes of action for negligent supervision and negligent training.

### C. Defendant Firman's Motion to Dismiss for Lack of Supplemental Jurisdiction.

Defendant Firman also moves to dismiss Plaintiff's state law claims against him because this Court need not exercise supplemental jurisdiction over them. The doctrine of supplemental jurisdiction provides an independent basis for federal subject matter jurisdiction over state law claims where none exists otherwise. Pursuant to 28 U.S.C. § 1367, federal district courts "shall have supplemental jurisdiction over all of the claims that are so related to [federal] claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the Unites States Constitution." Further, "[s]uch supplemental jurisdiction shall

include claims that include joinder or intervention of additional parties."

A federal court may exercise supplemental jurisdiction over state law claims where there is a substantial federal claim, and that claim and any others alleged in the entire action before the court have such a relationship that they comprise one constitutional "case." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).³ This relationship exists where the federal and non-federal claims "derive from a common nucleus of operative fact" and are such that the plaintiff "would ordinarily be expected to try them in one judicial proceeding." *Id.*

The test for a "common nucleus of operative fact " in the Third Circuit is not self-evident. *Lyon v. Whisman*, 45 F.3d 758, 760 (3d Cir. 1995). Indeed, "[i]n trying to set out standards for supplemental jurisdiction and to apply them consistently, we observe that, like unhappy families, no two cases of supplemental jurisdiction are exactly alike." *Id. citing Nanavati v. Burdette Tomlin Memorial Hosp.*, 957 F.2d 96, 105 (3d Cir. 1988). A court, however, may extend supplemental jurisdiction over state law claims where, for example, a "critical background fact" is common to both the state and federal law claims. *Lyon*, 45 F.3d at 760.

The Court finds that the federal law claims alleged in the Complaint and state law claims against Defendant Firman share "critical background facts" (that is, the state and federal claims arise out of the same physical altercation on the same evening), supporting a finding that supplemental jurisdiction is appropriate in this case. Further, the issues alleged in the Complaint are such that the litigants would ordinarily be expected to try them in one judicial proceeding.

---

³*Gibbs* refers to this doctrine as *pendent jurisdiction*. 28 U.S.C. § 1367, which refers to the doctrine as "supplemental jurisdiction", combined and codified the "older notions of pendent jurisdiction and ancillary jurisdiction" as well as many of the principles enunciated in *Gibbs*. *DeAsencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3d Cir. 2003).

6

Moreover, it is in the interest of judicial economy and effective dispute resolution to do so. Therefore, Defendant Firman's Motion to Dismiss Plaintiff's state law claims for lack of supplemental jurisdiction is DENIED.

## IV.   CONCLUSION

AND NOW, this 28th day of August, 2007, after consideration of Defendant Firman's Motion to Dismiss (Docket No. 5), in accordance with the foregoing memorandum opinion, it is hereby ORDERED that said motion is GRANTED in part and DENIED in part as follows:

1. Defendant Firman's Motion to Dismiss is GRANTED without prejudice as to Plaintiff's claim for negligent hiring, but DENIED as to Plaintiff's negligent supervision and training claims.

2. Defendant Firman's Motion to Dismiss for lack of supplemental jurisdiction is DENIED.

3. Defendant Firman's Motion to Dismiss with respect to claims pursuant to 42 U.S.C. § 1983 is GRANTED to the extent that such a claim is pled in the complaint.

An appropriate Order follows.

Dated: August 28, 2007

                                                       s/Nora Barry Fischer
                                                       United States District Judge


cc:   All ECF registered counsel